UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIGGE CRANE AND RIGGING CO., <br><br> Plaintiff, <br><br> v. <br><br> AGILITY PROJECT LOGISTICS, INC, et al., <br><br> Defendants. | Case No. 20-cv-01082-DMR <br><br> **ORDER ON DEFENDANT AGILITY'S MOTION TO COMPEL ARBITRATION AND STAY ACTION** <br><br> Re: Dkt. No. 10 |

Plaintiff Bigge Crane and Rigging Co. ("Bigge") filed an action in state court against Defendants Agility Project Logistics, Inc. ("Agility"), BP Products North America, Inc. ("BP"), and Jacobs Engineering Group, Inc. ("Jacobs") alleging breach of contract and related claims. Agility removed the case to federal court and now moves to compel arbitration and to stay the action pending arbitration. [Docket No. 10.] BP and Jacobs do not oppose the motion. [Docket Nos. 23, 31.] Bigge does not oppose the motion to compel arbitration but argues that any arbitration proceedings should take place in the Northern District of California rather than Texas, which is the contractually-designated arbitration venue. [Docket No. 30.]

This matter is suitable for resolution without oral argument. Civ. L.R. 7-1(b). For the following reasons, the motion is granted. Any arbitration undertaken pursuant to the arbitration agreement shall take place within the Northern District of California.

**I.   BACKGROUND**

This litigation stems from a construction project at an oil refinery in Washington, the "BP Cherry Point Coker Heater Project." In approximately October 2017, BP entered into a contract with Jacobs for the replacement of coker heaters at the refinery. Jacobs, the direct contractor, then subcontracted with Agility to construct part of the project. On October 16, 2017, Agility and

Bigge entered into the "Transportation Service Agreement" or "TSA," under which Bigge agreed to provide barge and heavy haul support services related to the project. Compl. ¶¶ 6-10, Ex. A (TSA). Bigge alleges that Agility failed to pay Bigge $722,311.00 owed for work it performed under the TSA. *Id*. at ¶¶ 11, 14. The complaint alleges claims for breach of contract, breach of the covenant of good faith and fair dealing, monies due, and account stated against Agility. It also alleges a claim for quantum meruit against BP, Jacobs, and Agility.

The TSA includes a mandatory arbitration provision, which requires the arbitration of any dispute between Agility and Bigge as follows:

> Any controversy or claim arising out of or relating to this contract, or breach thereof, shall be settled by mediation under the Procedures of the American Arbitration Association . . . If the mediation does not result in settlement of the dispute within 30 days after the initial mediation conference or if a party has waived its right to mediate any issues in dispute, then any unresolved controversy or claim arising out of or relating to this contract or breach thereof shall be settled by arbitration administered by the American Arbitration Association in accordance with its Rules then prevailing, *and shall be conducted in Houston, Texas, unless the parties agree otherwise* . . .

TSA § 14 (the "arbitration agreement") (emphasis added). The TSA further provides that the agreement "shall be construed in accordance with the Laws of the State of Texas." *Id*. at § 15.

Bigge filed the lawsuit in Alameda County Superior Court on January 7, 2020. With the consent of BP and Jacobs, Agility removed the action to this court on February 11, 2020. Agility now moves to compel arbitration and stay the action pending arbitration. BP and Jacobs filed statements of non-opposition to the motion.

Bigge does not dispute the validity of the arbitration agreement and does not dispute that the arbitration agreement applies to its claims. It opposes the motion on the limited issue of arbitral venue. Notwithstanding the TSA's designation of Houston, Texas as the venue for any arbitration, Bigge contends that under the Federal Arbitration Act, 9 U.S.C. § 4, and applicable Ninth Circuit authority, this court lacks authority to compel arbitration outside this district. According to Bigge, any arbitration should take place in the Northern District of California.

**II.    LEGAL STANDARD**

The Federal Arbitration Act ("FAA") governs written arbitration agreements affecting

interstate commerce. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111-12 (2001). Enacted for the purpose of enforcing written arbitration agreements according to their own terms, the FAA embodies "the basic precept that arbitration 'is a matter of consent, not coercion.'" *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010) (quoting *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)). Section 4 of the FAA ensures that "'private agreements to arbitrate are enforced according to their terms,'" *Stolt–Nielsen*, 559 U.S. at 682 (quoting *Volt*, 489 U.S. at 479), by expressly authorizing a party to an arbitration agreement to petition a United States district court for an order directing that "arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

"After determining whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce, and thus falls under the FAA, the court's role then is limited to (1) determining whether a valid agreement to arbitrate exists and, if it does, (2) deciding whether the agreement encompasses the dispute at issue." *Homestake Lead Co. of Missouri v. Doe Run Res. Corp.*, 282 F. Supp. 2d 1131, 1138 (N.D. Cal. 2003) (citing *United Steelworkers of Am. v. Warrior & Gulf*, 363 U.S. 574, 582 (1960)). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4).

### III.  DISCUSSION

#### A.  Motion to Compel Arbitration

The parties dispute the appropriate forum for the arbitration in this case. Bigge argues that this court lacks authority to compel arbitration to take place in Houston, Texas, which is outside this district, even though that is the venue specified in the arbitration agreement. According to Bigge, the FAA mandates that any arbitration proceedings take place in this district. Agility responds that any arbitration should occur in Texas.

Section 4 of the FAA governs this dispute. It provides that a party may "petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. If the court finds that a valid agreement to

arbitrate exists, the court must "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, *shall be within the district in which the petition for an order directing such arbitration is filed*." *Id*. (emphasis added). Under Ninth Circuit law, Section 4 limits courts "to ordering arbitration within the district in which the suit was filed." *Homestake*, 282 F. Supp. 2d at 1143 (citing *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967, 968-69 (9th Cir. 1941)). "The Ninth Circuit has indirectly confirmed this interpretation . . . stating that 'by its terms, § 4 only confines the *arbitration* to the district in which the petition to compel is filed.'" *Homestake*, 282 F. Supp. 2d at 1143-44 (quoting *Textile Unlimited, Inc. v. A..BMH & Co., Inc*., 240 F.3d 781, 785 (9th Cir. 2001) (emphasis in original)). Therefore, this court cannot compel arbitration in Texas. *See, e.g., Bencharsky v. Cottman Transmission Sys., LLC*, 625 F. Supp. 2d 872, 884 (N.D. Cal. 2008) (granting motion to compel arbitration "insofar as arbitration is to proceed in the Northern District of California" and denying motion to compel arbitration in Pennsylvania, the venue specified in the arbitration agreement); *Capelli Enterprises, Inc. v. Fantastic Sams Salons Corp.*, No. 5:16-CV-03401-EJD, 2017 WL 130284, at *5 (N.D. Cal. Jan. 13, 2017) (granting motion to compel arbitration in the Northern District of California notwithstanding contrary venue provision in arbitration agreement); *Savetsky v. Pre-Paid Legal Servs., Inc.*, No. 14-03514 SC, 2015 WL 4593744, at *3 (N.D. Cal. July 30, 2015) ("Ninth Circuit precedent prevents the Court from ordering the parties to arbitrate in their chosen venue when, as here, the motion to compel arbitration is filed outside the district encompassing that venue.").

In its reply, Agility contends that Bigge "mischaracterize[s]" its motion, that it did not move to compel arbitration in the Northern District of California, and that "under no circumstances should the Court order arbitration to proceed in California." Reply 2, 3. According to Agility, "it is simply seeking an order staying the action pursuant to Section 3 of the FAA and requiring that if Bigge intends to pursue its claims that it must do so consistent with the terms of the TSA." *Id*. at 7. In other words, Agility argues that it moved only to stay the litigation pending arbitration and did not actually move to compel arbitration. This is not a fair reading of its motion, which is entitled "Motion to Compel Arbitration and Stay Action Pending Arbitration."

4

In its opening brief, Agility devoted the bulk of the legal analysis section to explaining why the two-part test for compelling arbitration is satisfied, that is, arguing that "a valid agreement to arbitrate exists" and that "the agreement encompasses the dispute at issue." Mot. 6-11. Agility expressly argued that "[i]f the Court finds that the answers to those questions are 'yes,' the Court must compel arbitration" pursuant to Section 4 of the FAA. Mot. 7 (citation omitted). It also argued that "the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id*. (citation and quotation marks omitted) (emphasis in original). Agility's attempt to recast its motion solely as a motion to stay is not persuasive.

Accordingly, the motion to compel arbitration is granted. The Northern District of California is "the district in which [Agility's] petition for an order directing [ ] arbitration is filed." 9 U.S.C. § 4. Therefore, any arbitration proceedings initiated pursuant to Bigge and Agility's arbitration agreement shall occur within the Northern District of California.

### B. Motion to Stay

Agility also moves to stay the action in its entirety pending the completion of arbitration proceedings between Bigge and Agility. Where a dispute is subject to arbitration under the terms of a written agreement, the district court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Ninth Circuit has held that courts have discretion under Section 3 to dismiss claims that are subject to an arbitration agreement. *Sparling v. Hoffman Const. Co., Inc*., 864 F.2d 635, 638 (9th Cir. 1988).

According to Agility, Bigge's claims against BP and Jacobs, which are not parties to the arbitration agreement, are "premature pending resolution of the contractual claims against Agility." Mot. 13. As no party objects to the stay, the court stays this action pending the outcome of arbitration proceedings between Bigge and Agility.

### IV. CONCLUSION

For the foregoing reasons, Agility's motion to compel arbitration and stay the action pending arbitration is granted. Any arbitration undertaken pursuant to the arbitration clause shall take place within the Northern District of California. This action is stayed in its entirety pending

the final resolution of the arbitration.  The clerk shall administratively close the case.  Bigge and Agility shall file a joint status report within two weeks of the completion of any arbitration.

**IT IS SO ORDERED.**

Dated: November 16, 2020



_____
Donna M. Ryu
United States Magistrate Judge