1
2
3
4                       UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6
7    BIGGE CRANE AND RIGGING CO.,              Case No. 20-cv-01082-DMR
8                        Plaintiff,
                                               **ORDER ON MOTION FOR LEAVE TO**
9           v.                                 **FILE MOTION FOR**
                                               **RECONSIDERATION**
10   AGILITY PROJECT LOGISTICS, INC, et
     al.,                                      Re: Dkt. No. 43
11
                         Defendants.
12

13          Plaintiff Bigge Crane and Rigging Co. ("Bigge") filed an action in state court against

14   Defendants Agility Project Logistics, Inc. ("Agility"), BP Products North America ("BP"), and

15   Jacobs Engineering Group, Inc. ("Jacobs") alleging breach of contract and related claims.  Agility

16   removed the case to federal court and moved to compel arbitration and to stay the action pending

17   arbitration.  [Docket No. 10.]  On November 16, 2020, the court granted the motion and ordered

18   that any arbitration undertaken pursuant to the parties' arbitration agreement take place within the

19   Northern District of California.  [Docket No. 42.]  Agility now moves for leave to file a motion for

20   reconsideration of the portion of the court's order requiring arbitration to occur in the Northern

21   District of California.  [Docket No. 43.]  For the following reasons, the motion is denied.

22   **I.      BACKGROUND**

23          The facts of this case were set forth in detail in the court's November 16, 2020 order on

24   Agility's motion to compel arbitration and stay the action pending arbitration.  *Bigge Crane &*

25   *Rigging Co. v. Agility Project Logistics, Inc.*, No. 20-CV-01082-DMR, 2020 WL 6710087, at *1

26   (N.D. Cal. Nov. 16, 2020).  In relevant part, Bigge alleges that it entered into a contract with

27   Agility, the "Transportation Service Agreement" or "TSA," under which Bigge agreed to provide

28   Agility with services in connection with an oil refinery construction project.  Bigge further alleges

that Agility failed to pay it for work performed under the TSA.  The TSA includes a mandatory arbitration provision that requires that any arbitration "be conducted in Houston, Texas, unless the parties agree otherwise."  *Id*. (citing Compl. Ex. A (TSA) § 14).  Bigge sued Agility, BP, and Jacobs in state court and Agility removed the action to this court with BP and Jacobs's consent. Agility subsequently moved pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4, to compel arbitration and stay the action pending arbitration.  [Docket No. 10.]  Bigge filed an opposition solely on the issue of arbitral venue; it argues that under the FAA and applicable Ninth Circuit authority, this court lacks authority to compel arbitration outside this district.  It asked the court to order that any arbitration must take place within the Northern District of California. *Bigge*, 2020 WL 6710087, at *1-2.

In its November 16, 2020 order on the motion to compel arbitration and to stay the action, the court found that Section 4 of the FAA governs this dispute.  *Id*. at *2.  That provision states that a party may "petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement," and that if the court finds that a valid agreement to arbitrate exists, the court must "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. § 4.  Importantly, section 4 also provides that "[t]he hearing and proceedings, under such agreement, *shall be within the district in which the petition for an order directing such arbitration is filed*."  *Id*. (emphasis added).  Following several published and unpublished cases from this district, the court found that "Section 4 limits courts to ordering arbitration within the district in which the suit was filed" and concluded that "this court cannot compel arbitration in Texas."  *Id*. (quotation marks and citations omitted).  Accordingly, the court granted Agility's motion to compel arbitration, granted the motion to stay the action pursuant to 9 U.S.C. § 3 pending the outcome of the arbitration proceedings, and ordered that any arbitration initiated pursuant to the arbitration agreement occur within the Northern District of California.  *Id*. at *3.

Agility now moves for leave to file a motion for reconsideration of the court's order requiring arbitration to occur in the Northern District of California.

2

United States District Court
Northern District of California

## II.    DISCUSSION

Civil Local Rule 7-9 provides that "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order . . . . No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)- (3). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c). Whether to grant leave to file a motion for reconsideration under Rule 7-9 is committed to the court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.—USA*, 570 F. App'x 675, 676 (9th Cir. 2014) (citing *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007)).

Agility seeks reconsideration on the basis of the court's purported "manifest failure . . . to consider material facts or dispositive legal arguments which were presented to the Court before" the November 16, 2020 order. Mot. 1. It argues that the court failed to consider "facts and argument" that it was not seeking relief under Section 4 of the FAA and was instead seeking relief under Section 3 only. *Id*. at 2-3. Agility presented this argument for the first time in its reply brief. [*See* Docket No. 32 (Reply) 1-3.] Agility argues that it "clarified the exact relief that it was requesting" in its reply brief and that "[t]he Court was authorized to give effect to Agility's clarification by declining to address the issue of compelling arbitration" and simply ruling on the motion for a stay. Mot. 3. It goes on to argue that Section 4 does not require the court to order that arbitration occur in the Northern District of California. *Id*. at 4-8.

Agility's contention that the court failed to "consider material facts or dispositive legal arguments which were presented" before the November 16, 2020 order is without merit. In its

3

1    opposition brief, Bigge challenged the court's authority to order arbitration outside this district.  In

2    response, Agility argued that Bigge "mischaracterize[d]" its motion and that it "moved only to

3    stay the litigation pending arbitration and did not actually move to compel arbitration."  *Bigge*,

4    2020 WL 6710087, at *3.  The court discussed Agility's argument, which it characterized as an

5    "attempt to recast its motion solely as a motion to stay," and found that it was "not persuasive."

6    *See id.*  Agility now contends that it "withdrew any request for relief which possibly would

7    mandate arbitration within this district" in its reply, but this is simply a variation on its earlier

8    argument that it never meant to move to compel arbitration under Section 4, an argument that the

9    court considered and rejected.  *See id.* (noting Agility's argument that "the [FAA] leaves no place

10   for the exercise of discretion by a district court, but instead mandates that district courts *shall*

11   direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been

12   signed." (citation and quotation marks omitted) (emphasis in original)).  Agility devotes the

13   remainder of its motion to challenging the court's interpretation of controlling Ninth Circuit

14   authority on arbitral venue, re-asserting arguments it made in its reply brief in violation of Local

15   Rule 7-9(c).  Mot. 4-8; *see* Reply 4-7.

16       The court concludes that Agility has failed to show the court's "manifest failure" to

17   consider "material facts or dispositive legal arguments which were presented to the Court" before

18   the November 16, 2020 order.  Accordingly, the motion for leave to file a motion for

19   reconsideration is denied.

20   **III.   CONCLUSION**

21       Agility's motion for leave to file a motion for reconsideration is denied.

22       **IT IS SO ORDERED.**

23   Dated: February 22, 2021

24

25                                                      Donna M. Ryu
                                                        United States Magistrate Judge
26

27

28



4